Filed 11/4/25  P. v. Sanchez CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUILLERMO GARCIA SANCHEZ,<br><br>    Defendant and Appellant. | A171121<br><br>(Contra Costa County<br>Super. Ct. No. 5-170849-4) |

MEMORANDUM OPINION[1]

Eight years ago, defendant Guillermo Sanchez was sentenced to 31 years to life in prison for the murder of Isela Moreno.  He now appeals from a judgment imposing the same sentence, which was entered after this court remanded for the trial court to decide whether to strike a five-year enhancement under Penal Code section 667, subdivision (a) (section 667(a)) based on his prior conviction of street terrorism.[2]  (*People v. Sanchez* (Dec. 20, 2021, A157538) [nonpub. opn.].)  Sanchez claims the matter must be remanded again, this time for retrial of the section 667(a) enhancement in light of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1).

[2] All further statutory references are to the Penal Code.

No. 333), which narrowed liability for gang-related crimes. We accept the Attorney General's concession that remand is required for this reason.[3]

Sanchez stabbed Moreno to death on Thanksgiving 2015. A jury convicted him of first degree murder and found that he personally used a knife during the offense. After Sanchez waived a jury trial on allegations that he had a 2014 conviction for street terrorism under section 186.22, subdivision (a), that constituted a strike and a serious felony, the trial court found them true.[4] The court then struck the strike in the interest of justice and sentenced Sanchez to 31 years to life in prison, composed of a term of 25 years to life for the murder and consecutive terms of one year for the knife use and five years for the prior serious felony under section 667(a).

Sanchez appealed from the judgment, and in 2021 this court affirmed, except we remanded for the trial court to exercise its new discretion under Senate Bill No. 1393 (2017–2018 Reg. Sess.) to determine whether to strike the section 667(a) enhancement in the interest of justice under amended section 1385. On July 11, 2024, the trial court declined to strike the enhancement and left the sentence as-is, except for waiving or staying certain fines and fees based on Sanchez's inability to pay. The issue of the enhancement's potential invalidity in light of Assembly Bill No. 333 was not raised.

---

[3] As a result, we need not address Sanchez's claim that even if the section 667(a) enhancement remained valid, the trial court abused its discretion in declining to strike it.

[4] Sanchez was convicted of murder under section 187, subdivision (a), and the knife use was found true under section 12022, subdivision (b)(1). The trial court found the prior conviction was a strike under sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c), and was for a serious felony under section 667(a)(1).

Effective January 1, 2022, Assembly Bill No. 333 amended section 186.22 to "change[] the elements of gang offenses and enhancements by narrowing the definitions of 'criminal street gang,' 'pattern of criminal activity,' and 'what it means for an offense to have commonly benefitted a street gang.' " (*People v. Fletcher* (2025) 18 Cal.5th 576, 583 (*Fletcher*); *People v. Tran* (2022) 13 Cal.5th 1169, 1206.)  Assembly Bill No. 333 is retroactive under *In re Estrada* (1965) 63 Cal.2d 740, meaning it applies to cases like this one where the judgment is not yet final.  (*Tran*, at pp. 1206–1207.)

A qualifying "serious felony" for purposes of a section 667(a) enhancement includes "any felony offense, which would also constitute a felony violation of Section 186.22."  (§ 1192.7, subd. (c)(28); see § 667(a)(4).)  Our state Supreme Court recently held that Assembly Bill No. 333 "applies to a sentencing court's determination of whether a defendant's conviction under the prior version of section 186.22 qualifies as a prior serious felony conviction for purposes of prior serious felony enhancements" under section 667(a).  (*Fletcher*, *supra*, 18 Cal.5th at pp. 582–583.)  In other words, whether a prior conviction was for an offense that constitutes "a felony violation of Section 186.22" is determined by applying the current version of section 186.22.  (*Fletcher*, at p. 607.)

Section 186.22, subdivision (a), the provision under which Sanchez was previously convicted, provides that "[a] person who actively participates in a criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or

3

three years."  As we have said, Assembly Bill No. 333 narrowed the definitions of both "criminal street gang" and "pattern of criminal activity." And as was true in *Fletcher*, nothing in the record establishes that the prior conviction at issue "was obtained under Assembly Bill [No.] 333's more stringent requirements."  (*Fletcher*, *supra*, 18 Cal.5th at p. 607.)  Thus, as the Attorney General concedes, "the appropriate remedy is reversal of the finding[] on the[ section 667(a)] enhancement[] for retrial under the correct law."  (*Ibid.*)

The five-year enhancement under section 667(a) is reversed, and the matter is remanded for resentencing.  On remand, the People may elect to retry, under current law, the allegation that Sanchez's prior conviction under former section 186.22 qualifies as a serious felony under section 667(a).  The judgment is otherwise affirmed.

_____

Humes, P.J.

WE CONCUR:

_____

Banke, J.

_____

Smiley, J.

*People v. Sanchez*  A171121

5